UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 16- |
| | : | |
| v. | : | **Grand Jury Original** |
| | : | |
| PATRICIA DRISCOLL, | : | |
| | : | |
| | : | **26 U.S.C. § 7212(a) (Attempts to Interfere** |
| | : | **with the Administration of Internal** |
| | : | **Revenue Laws);** |
| | : | **18 U.S.C. § 1343 (Wire Fraud);** |
| | : | **18 U.S.C. § 1341 (Mail Fraud);** |
| | : | **18 U.S.C. § 2 (Aiding and Abetting and** |
| Defendant. | : | **Causing an Act to be Done);** |
| | : | **22 D.C. Code §§ 3221(a), 3222(a)(1)** |
| | : | **(First Degree Fraud);** |
| | : | **26 U.S.C. § 7201 (Tax Evasion); and** |
| | : | **18 U.S.C. § 981(a)(1)(C), 21 U.S.C.** |
| | : | **§ 853(p), 28 U.S.C. § 2461(c) (Criminal** |
| | : | **Forfeiture).** |

## I N D I C T M E N T

The Grand Jury charges that:

### Introduction

At all times material to this Indictment:

1.      Armed Forces Foundation ("AFF") was a tax-exempt non-profit charity whose stated mission was to protect and promote the physical, mental, and emotional wellness of military service members, veterans, and their families.

2.      AFF claimed in its promotions and requests for money that approximately 94% to 96% of all donations went directly to military members and their families through AFF programs.

3.     The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for reviewing and monitoring charitable organizations seeking tax-exempt status under Title 26, United States Code, Section 501(c)(3) ("501(c)(3)"), as well as responsible for reviewing the tax-exempt status of charitable organizations using the organizations' annually filed forms and occasional audits. The IRS was also responsible for the ascertainment, computation, assessment, and collection of federal income taxes of individuals and for-profit companies.

4.     After obtaining tax-exempt status under 501(c)(3), a charitable organization was required to file with the IRS a Form 990, "Return of Organization Exempt from Income Tax" ("Form 990") each year in which its contributions exceeded $25,000. Form 990s were publicly available documents, often used by charity watch groups and donors to judge the worthiness of the charity, and by the IRS to determine whether an organization granted a tax exemption under 501(c)(3) and its regulations was operating in accordance with those authorities and thus still qualified for its tax exempt status.

5.     As a charity with 501(c)(3) status, AFF enjoyed exemption from federal income taxes, and the eligibility to receive tax-deductible charitable contributions. Among other benefits, individual and corporate donors were more likely to support organizations with 501(c)(3) status because their donations could be tax deductible.

6.     AFF operated out of the basement of 16 North Carolina Avenue, SE, Washington, D.C., a residential row house; the defendant PATRICIA DRISCOLL was the Executive Director / President of AFF.

7.     As the Executive Director / President of AFF, the defendant PATRICIA DRISCOLL received a salary in such amounts which qualified her to be named as a "key

2

employee" and "highest compensated individual" and, therefore, one whose salary and benefits were required to be disclosed on the Form 990s.

8.      The defendant PATRICIA DRISCOLL was also the owner of a limited liability for-profit corporation named Frontline Defense Systems, LLC ("Frontline Defense"), which operated out of the second floor of the row house at 16 North Carolina Avenue, SE.

9.      The defendant PATRICIA DRISCOLL and another owned the row house at 16 North Carolina Avenue, SE, until May, 2015, at which time AFF replaced the other person, and thereafter PATRICIA DRISCOLL and AFF became co-owners of the house.

## COUNT ONE
### (Attempts to Interfere with the Administration of Internal Revenue Service Laws)

10.     Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated as if fully set forth herein.

11.     Beginning in or before 2010, and continuing thereafter up to and including July 2015, in the District of Columbia and elsewhere, the defendant PATRICIA DRISCOLL did corruptly endeavor to obstruct and impede, and attempt to obstruct and impede, the due administration of the internal revenue laws by committing the following acts, among others:

12.     The defendant PATRICIA DRISCOLL falsely reported, and urged others to falsely report in correspondence, reports, donation solicitations, among others, that 94% to 96% of all AFF donations went directly to military members and their families through AFF programs, in order to induce donors to give to AFF and increase the amount of money available, knowing that such a large percentage of the donations did not go directly to military members and their families.

13.    The defendant PATRICIA DRISCOLL falsely reported and caused others to falsely report her AFF compensation on Form 990s, filed with the IRS, by failing to include the fact that she received commissions from fundraising, the amounts of commissions that she received from fundraising, and the other benefits that she received, in addition to her reported salary.

14.    The defendant PATRICIA DRISCOLL falsely categorized and caused others to falsely categorize expenses, in AFF's books and records, as being for the benefit of the veterans, troops, and their families, when, in fact, they were for the private benefit of herself, thereby causing information on the Form 990s, filed with the IRS, to falsely account for AFF's expenditures.

15.    The defendant PATRICIA DRISCOLL concealed from AFF's accountants the money she took from AFF, thereby causing the accountants to issue false IRS Forms W-2 (tax and wage statement) and Forms 1099 (non-salary compensation) and other required IRS forms which obstructed the IRS from knowing the accurate amount of the money she took from AFF.

16.    The defendant PATRICIA DRISCOLL filed with the IRS false individual income tax returns, Forms 1040, which did not report all of her income due to her concealment of the money she took from AFF and diverted from AFF to her business, Frontline Defense.

17.    The defendant PATRICIA DRISCOLL concealed and caused others to conceal related party transactions on Form 990s, by failing to report rent paid by AFF for use of its office space in the basement of 16 North Carolina Avenue, SE, and other benefits such as payments from AFF for personal expenditures, including her automobile and personal cell phone.

18.    The defendant PATRICIA DRISCOLL falsely reported and caused others to falsely report the amount of donations received by AFF on Form 990s, by inflating the amounts of

4

donations, incorrectly listing the types of donations, and including donors who did not, in fact, donate to the AFF, among other means.

19.     The defendant PATRICIA DRISCOLL caused to be sent false and fraudulent Form 990s to members of AFF's Board of Directors and to the IRS.

20.     The defendant PATRICIA DRISCOLL caused to be published Form 990s, containing false and fraudulent information, on the AFF website, knowing that the Form 990s would be available and viewed by charity watch groups, potential donors, and others.

21.     The defendant PATRICIA DRISCOLL caused to be provided false information to an IRS Revenue Agent during the course of an audit of AFF.

22.     The defendant PATRICIA DRISCOLL made and caused to be made fictitious entries into AFF's QuickBooks falsifying the reason for AFF's payments and altering amounts owed to her.

**(Attempts to Interfere with the Administration of Internal Revenue Laws,
in violation of Title 26, United States Code, Section 7212(a)).**

## COUNTS TWO THROUGH THREE
### (WIRE FRAUD)

23.     Between in or about 2010, and in or about July 2015, in the District of Columbia and elsewhere, the defendant PATRICIA DRISCOLL devised and intended to devise and aided and abetted a scheme to defraud and to obtain money and property from AFF's donors by means of materially false and fraudulent pretenses, representations, and promises, by making and causing to be made false statements to the public, charity watch groups, the IRS, and others, as more fully described below.

## Purpose of the Scheme to Defraud

24.     It was a purpose of the scheme to defraud that the defendant PATRICIA DRISCOLL used forged documents, false accounting entries, inflated donation amounts, and false statements in order to convince donors to give money to the AFF, thereby enriching herself.

## Manner and Means

25.     Paragraphs 1 through 9 and 12 through 22 of this indictment are hereby re-alleged, and contain the description of the above-mentioned scheme.

26.     On or about the dates listed below, in the District of Columbia and elsewhere, the defendant PATRICIA DRISCOLL for the purpose of executing and attempting to execute and aiding and abetting the execution of the above-described scheme to defraud, did willfully cause to be transmitted by means of wire communication in interstate commerce from the District of Columbia to Maryland certain writings, signals, and sounds, that is, the items listed below:

| Count | Date (Approx.) | From | To | Description |
|---|---|---|---|---|
| TWO | 2/17/2014 | District of Columbia | Maryland | DRISCOLL caused assistant to send to members of the Board of Directors via email the 2012 Form 990 (amended), containing false statements and fraudulent information. |
| THREE | 3/31/2015 | District of Columbia | Maryland | DRISCOLL emailed a member of the Finance Committee attaching the 2013 Form 990 (amended), containing false statements and fraudulent information. |

**(Wire Fraud, Aiding and Abetting and Causing an Act to be Done,
in violation of Title 18, United States Code, Sections 1343 and 2).**

## COUNTS FOUR THROUGH FIVE
### (MAIL FRAUD)

27.     From in or about 2010 until in or about July 2015, within the District of Columbia and elsewhere, the defendant PATRICIA DRISCOLL devised and intended to devise and aided

and abetted a scheme to defraud and to obtain money and property from AFF's donors by means of materially false and fraudulent pretenses, representations, and promises, by making and causing to be made false statements to the public, charity watch groups, the IRS, and others, as more fully described below.

28.    Paragraphs 1 through 9 and 12 through 22 of this indictment are hereby re-alleged, and contain the description of the above-mentioned scheme.

29.    On or about the dates listed below, in the District of Columbia and elsewhere, the defendant PATRICIA DRISCOLL for the purpose of executing and attempting to execute and aiding and abetting the execution of the above-described scheme to defraud and obtaining money and property of donors by materially false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by Federal Express, a commercial interstate carrier, from the District of Columbia to the IRS, mail matter, that is, a Form 990 for the years listed below:

| Count | Date (Approx.) | Description |
| --- | --- | --- |
| FOUR | 12/3/2012 | Form 990 for 2011, containing false statements and fraudulent information |
| FIVE | 2/11/2014 | Form 990 for 2012 (amended), containing false statements and fraudulent information |

**(Mail Fraud, Aiding and Abetting and Causing an Act to be Done,**
**in violation of Title 18, United States Code, Sections 1341 and 2).**

## COUNT SIX
### (First Degree Fraud)

30.    From in or about 2010, through in or about July 2015, within the District of Columbia, the defendant, PATRICIA DRISCOLL, engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of AFF by means of materially false and

fraudulent pretenses, representations, and promises, and thereby obtained property and caused AFF to lose property, the value of which is $1,000 or more.

31.     Paragraphs 1 through 9 and 12 through 22 of this Indictment are re-alleged and incorporated as if fully set forth herein.

32.     It was a further part of the scheme and systematic course of conduct that the defendant PATRICIA DRISCOLL took more money from AFF than she was entitled to receive.

33.     It was a further part of the scheme and systematic course of conduct that the defendant PATRICIA DRISCOLL diverted AFF funds to pay for Frontline Defense's obligations, including its credit card bills and payroll expenses.

34.     It was a further part of the scheme and systematic course of conduct that the defendant PATRICIA DRISCOLL diverted AFF funds to pay for her personal attorneys.

35.     It was a further part of the scheme and systematic course of conduct that the defendant PATRICIA DRISCOLL used the AFF credit card to buy herself personal items.

36.     It was a further part of the scheme and systematic course of conduct that in or about September 2010, the defendant PATRICIA DRISCOLL created and caused to be created a memorandum on AFF letterhead, which she falsely caused to be backdated as April 2008, purporting to approve an additional $3,000 per month payments to herself, to pay for such items as her car, gas, cell phone (for her and Frontline Defense's staff).

37.     It was a further part of the scheme and systematic course of conduct that in or about 2012, the defendant PATRICIA DRISCOLL took money from AFF using a forged rental lease.

38.     It was a further part of the scheme and systematic course of conduct that in or about May and June 2015, the defendant PATRICIA DRISCOLL altered or caused to be altered

8

AFF accounting books, falsely backdating entries to make it appear that AFF owed her commissions.

39.     It was a further part of the scheme and systematic course of conduct that the defendant PATRICIA DRISCOLL told employees that AFF paid commissions for the first instances of new donors giving cash, but then claimed commissions for herself that were repeat donors, non-cash donations, or donations brought in by other employees and not herself.

**(First Degree Fraud, in violation of 22 D.C. Code, Sections 3221(a), 3222(a)(1)).**

### COUNT SEVEN
**(Attempt / Tax Evasion for 2012)**

40.     Paragraphs 1 through 9, 12 through 22, and 32 through 39 of this Indictment are re-alleged and incorporated as if fully set forth herein.

41.     From on or about January 1, 2012, through on or about April 23, 2013, in the District of Columbia and elsewhere, the defendant PATRICIA DRISCOLL, a resident of Ellicott City, Maryland, willfully attempted to evade and defeat income tax due and owing by her to the United States of America for the calendar year 2012, by committing the following affirmative acts, among others:

> a. Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent Form 1040, which was submitted to the Internal Revenue Service;
>
> b. Diverting funds from AFF to her personal bank account;
>
> c. Diverting funds from AFF to her business, Frontline Defense, bank account;
>
> d. Using AFF money to pay her personal bills;
>
> e. Using AFF money to pay her business, Frontline Defense, bills;
>
> d. Altering AFF's QuickBooks;

e. Using a forged lease to justify unauthorized rental payments by AFF; and

f. Providing false documents and accounting records to her tax accountant.

**(Income Tax Evasion, in violation of Title 26, United States Code, Section 7201).**

## COUNT EIGHT
### (Attempt / Tax Evasion – for 2013)

42.     Paragraphs 1 through 9, 12 through 22, and 32 through 39 of this Indictment are re-alleged and incorporated as if fully set forth herein.

43.     From on or about January 1, 2013, through on or about October 17, 2014, in the District of Columbia and elsewhere, the defendant PATRICIA DRISCOLL, a resident of Ellicott City, Maryland, willfully attempted to evade and defeat income tax due and owing by her to the United States of America for the calendar year 2013, by committing the following affirmative acts, among others:

> a. Preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent Form 1040, which was submitted to the Internal Revenue Service;
>
> b. Diverting funds from AFF to her personal bank account;
>
> c. Diverting funds from AFF to her business, Frontline Defense, bank account;
>
> d. Using AFF money to pay her personal bills;
>
> e. Using AFF money to pay her business, Frontline Defense, bills;
>
> d. Altering AFF's QuickBooks;
>
> e. Using a forged lease to justify unauthorized rental payments by AFF; and
>
> f. Providing false documents and accounting records to her tax accountant.

**(Income Tax Evasion, in violation of Title 26, United States Code, Section 7201).**

**FORFEITURE ALLEGATION**

1.      Upon conviction of any of the offenses alleged in Counts Two through Five, the defendant PATRICIA DRISCOLL shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c)).**

A TRUE BILL

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

11