**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 16-166 (RJL)** |
| | : | |
| **v.** | : | |
| | : | |
| **PATRICIA DRISCOLL,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S OMNIBUS PRE-TRIAL MOTIONS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby provides a sur-reply to Defendant's Reply in Support of Omnibus Pre-Trial Motions ("Defense Reply") [ECF Docket #31]. The government's sur-reply addresses only the arguments made for the first time in Defense Reply. As set out more fully below, pre-trial publicity does not mandate dismissal of Count One, and private parties were not deputized government agents. Accordingly, the Court should deny the defense motions.

## PROCEDURAL BACKGROUND

The defendant Patricia Driscoll ("Defendant") was indicted by a federal grand jury on September 20, 2016, on eight counts, specifically: Count One - Attempts to Interfere with the Administration of Internal Revenue Laws (26 U.S.C. § 7212(a)); Counts Two and Three - Wire Fraud (18 U.S.C. § 1343); Counts Four and Five - Mail Fraud (18 U.S.C. § 1341); Count Six - First Degree Fraud (22 D.C. Code §§ 3221(a) and 322(a)(1)); and Counts Seven and Eight - Tax Evasion (26 U.S.C. § 7201). The indictment also includes Aiding and Abetting and Causing an Act to be Done (18 U.S.C. § 2) and contains a forfeiture allegation.

On April 28, 2017, the defense filed the Defendant's Omnibus Pre-Trial Motion ("Defense Motion") [ECF Docket #25] raising various issues, including motions to dismiss, for discovery, to strike, and for a bill of particulars.  The government opposed the defense motions, Government's Opposition to Defense Omnibus Pre-Trial Motion [ECF Docket #28], responding to the issues raised in the Defense Motion. On May 19, 2017, the defense filed the Defense Reply, raising new reasons to dismiss Count One and additional grounds for discovery based on its "parallel" proceedings argument.  This Court granted the government time to file a sur-reply to the newly raised issues from Defense Reply.

## ARGUMENT

I.    **Defendant is Not Entitled to Dismissal of Count One due to any Pretrial Publicity.**

The defense adds new an allegation for its demand that the Court dismiss Count One (Attempts to Interfere with the Administration of Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a)).  In addition to the issues raised in the Defendant's Motion – that is, void for vagueness; Constitutionally overbroad; against Tax Division policy; failure to state an offense; multiplicitous and duplicitous – the defense now adds that pre-trial publicity is a ground for dismissal.  The defense cites to a handful of on-line and hard copy articles and then characterizes the publicity as "widespread." Defense Reply at 10.  Without entering the debate regarding whether a few publications are appropriately characterized as "widespread," the government submits that any amount of publicity is not grounds for dismissal in this case.

First, the defense fails to support its burden to establish that the news reports are pervasive and inflammatory, rather than merely factual pre-trial publicity.  *See United States v. Lindh*, 212 F.Supp.2d 541, 548 (E.D.V.A. 2002) (no dismissal of indictment for pre-trial publicity in case of

American citizen who joined al Qaeda and Taliban organizations and fought in Afghanistan, noting "it is important to distinguish between factual and inflammatory pre-trial publicity").  Second, even if the publicity were prejudicial and pervasive, dismissal of the indictment is not appropriate when careful *voir dire* examination can select prospective jurors, who, even if they were aware of prejudicial and inflammatory press, could set aside their impressions and render a verdict based on the evidence presented in court. *See United States v. McVeigh*, 918 F.Supp. 1467 (W.D. Okla. 1996); *see also, United States v. Abbott Laboratories*, 505 F.2d 565 (4th Cir. 1974) (although pretrial publicity was prejudicial and highly inflammatory, dismissal not appropriate remedy). For these reasons, and those submitted in the Government's Opposition, the Court should deny the defense request to dismiss Count One of the Indictment.[1]

II.    **Defendant Not Entitled to Material from Non-Party Private Actors.**

In its initial motion, the defense claimed that the criminal investigation was parallel to a civil IRS administrative proceeding and that government's criminal investigators used "the civil IRS process . . . to gather evidence in this criminal prosecution," Defense Motion at 34, and demanded "discovery" and a "pre-trial hearing."  In its Reply, the defense now suggests that there were three other "parallel" proceedings and asks the Court to issue Orders compelling non-parties to provide the defense with "all evidence in any form showing any and all contact between them and government representatives." Defense Reply at 19. The defense identifies three private actors:

*    Whistleblower, who worked as Defendant's administrative assistant until approximately February 2014;

*    Armed Forces Foundation ("AFF") whose money Defendant is accused of taking; and

---

[1] Although Defendant complains about pre-trial publicity, she has apparently been affirmatively soliciting some on her own. *See* https://thinkprogress.org/patricia-driscoll-nascar-6ff66e7a7d96 (last visited June 2, 2017).

\*   Defendant's ex-husband.

To support her demands, Defendant cites *United States v. Pervaz*, 118 F.3d 1 (1st Cir. 1997), for the proposition that "private actors may act as government agents." Defense Reply at 11. Applying the *Pervaz* (and other Circuit's) articulated tests, it is clear that none of the "private actors" became "government agents."[2]

In *Pervaz*, the First Circuit ruled that a telephone company, which had contacted law enforcement prior to monitoring cloned telephones, was not acting as a government agent; the court analyzed "the extent of the government's role in instigating or participating in the search" as well as the "degree of control it exercises over the search and the private party," and whether the private party's goals were to assist law enforcement or "to serve its own interests." *Pervaz*, 118 F.3d at 6. Other Circuit Courts of Appeals agree that the test is "whether the Government knew of and acquiesced in the private search" and "whether the private individual intended to assist law enforcement or had some other independent motivation." *United States v. Jarrett*, 338 F.3d 339, 344 (4th Cir. 2003) (reversing district court and holding that hacker was not government actor although prior to hacker's illegal search of defendant's computer, law enforcement agent had contacted hacker saying "if you want to bring other information forward, I am available"); *see also United States v. Bowers*, 594 F.3d 522, 526 (6th Cir. 2010) (no government agency when roommate impermissibly entered defendant's bedroom and took photo album including images of child pornography).

---

[2] Even if one of the private actors were a government agent, the defense fails to explain how Defendant's rights were violated by gathering material relating to AFF.

The defense claims that the government encouraged private actions and private actors to gather evidence with the intent of assisting the government's investigative efforts. Defense Reply at 11. This is incorrect. With respect to the whistleblower, the government did not know of any search, did not acquiesce in any search, and, in fact, had no open criminal matter at the time of the search.[3] Just as in *Bowers, supra*, law enforcement agents were not aware of any evidence, or of any crime, until after the search. As with *Bowers*, because law enforcement agents were not involved in the initial discovery, the private actor was not acting as a government agent during the search. *See Bowers*, 594 F.3d at 526. The agents investigating Defendant did not "instigate[], encourage[], or participate[] in the search." *Pervaz*, case cited by defense, 118 F.3d at 5 (citations omitted).

Nor did the government direct Defendant's ex-husband in his child custody / child support litigation to gather material for the benefit of the criminal investigation. Whether a party is a "conduit" necessarily will "turn[] on the degree of the Government's participation in the private party's activities." *United States v. Richardson*, 607 F.3d at 364 (4th Cir. 2010) (despite rule requiring internet service providers to report child pornography, AOL was not a government agent).[4] More obviously, however, the ex-husband "had some other independent motivation" for

---

[3] The criminal investigation was initiated more than a year after the whistleblower left Defendant's employ. In May 2015, ESPN.com published an article regarding alleged embezzlement by Defendant from AFF (Defense Reply at 15) and the whistleblower submitted materials to both the Federal Bureau of Investigation ("FBI") and the Internal Revenue Service – Criminal Investigation ("IRS-CI") (Defense Reply at 14). Based on the information presented and after preliminary background investigation, the criminal investigators opened cases; the U. S. Attorney's Office opened a grand jury matter into possible violations of Title 18 offenses, including 18 U.S.C. § 1343 (Wire Fraud), and began issuing subpoenas on the grand jury's behalf to investigate the Title 18 crimes. Later, Title 26 tax violations were added as possible violations to the grand jury proceeding.

[4] Defendant supports her allegation that the government somehow controlled her ex-

securing information, *Jarrett*, 388 F.3d at 344, (that being the custody of his minor child) and thus cannot be held to be a government agent under the second prong of the test.  Any attempts to claim him as a deputized government agent fails.

Similarly, the intent of AFF was to determine whether Defendant stole money from its coffers at the expense of the military veterans, service members, and their families, and thus AFF, like the ex-husband, had "some other independent motivation." *Jarrett*, 388 F.3d at 344.  The defense makes much of the fact the government, and the indictment, made use of the material provided by AFF.  Defense Reply at 16-17.  This use is not evidence of a violation. First, the information belonged to AFF, not Defendant.  Second, AFF only provided information belonging to AFF and did not provide information unrelated to AFF (for computers containing Defendant's for profit business records, the government obtained court authorization for a search).  Having the benefit of all of the information AFF provided to law enforcement, the defense fails to identify any material which did not belong to AFF and which would be grounds to argue that AFF was an impermissible "government agent."

Third, there is nothing nefarious with interviewing representatives of an organization whose money was embezzled in an embezzlement investigation, and then, after independent investigation, using the same information in a charging document.  Fourth, even if AFF turned over information it obtained in an impermissible search (which the government denies), the "government must do more than passively accept or acquiesce in a private party's search efforts," *Jarrett*, 338 F.3d at 344; for a violation to exist there must be "some degree of Government

---

husband "because the custody hearing took place only weeks after the IRS received the [] whistleblower complaint," Defense Reply at 19, even though such a hearing would have been briefed and docketed well before the government initiated its case.

participation in the private search." *Id*. AFF's representatives and attorneys did not act as "government agents" under any scenario.

Finally, the defense is not entitled to any discovery. In its reply, the defense repeatedly calls for the Court to order non-parties to produce "all evidence in any form showing any and all contacts [with the government]." Defense Reply at 16. *See also*, Defense Reply at 17, 19. Presumably, Defendant will be moving this Court for a subpoena under Fed. R. Cr. P. 17(c) in order to provide the recipients of those subpoenas an opportunity to move to quash.[5] Because these motions are not before the Court, the government will only briefly mention that such motions must be meet the requirements of "(1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 698–700 (1974), cited in *Richardson,* 607 F.3d at 368 (upholding quashing of Rule 17(c) subpoena, which may not be used "as discovery mechanism to develop [defendant's] agency claim" that AOL was agent of the government). *See also United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013) (upholding quashing Rule 17(c) subpoena as an "effort at exploratory discovery" to prove private actor as agent for government); *United States v. Green*, 857 F.Supp.2d 1015, 1019 (S.D. Cal. 2012) (failure to satisfy *Nixon*'s standards for Rule 17(c) subpoena to determine private party acted as government agent required subpoena to be quashed); *United States v. Haldeman*, 559 F.2d 31, 75 (D.C. Cir. 1976) (Rule 17(c) "is not a discovery device, [it] confines a subpoena *duces tecum* to admissible evidence, [and] authorizes the quashing of the subpoena if it is 'unreasonable or oppressive.' ") (footnotes omitted).

---

[5] Giving the recipients an opportunity to be heard is especially important since two of the recipients are attorneys who will have attorney/client privileged material.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the Court deny the defense motions.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
for the District of Columbia

By:     _____/s/_____
VIRGINIA CHEATHAM
D.C. Bar #411980
Assistant U.S. Attorney
Virginia.cheatham@usdoj.gov
555 4th Street, N.W. Room 5836
Washington, D.C.  20530
(202) 252-7820

_____/s/_____
DERRICK L. WILLIAMS
D.C. Bar #1001365
Assistant U.S. Attorney
Derrick.Williams2@usdoj.gov
Fraud & Public Corruption Section
555 4th Street, N.W. Room 5241
Washington, D.C.  20530
(202) 252-7898

## CERTIFICATE OF SERVICE

I hereby certify that on June13, 2017, a copy of the foregoing Sur-Reply was served via electronic case filing to counsel for the defendant.

_____/s/_____
Virginia Cheatham
Assistant U.S. Attorney