**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Cr. No. 16-166 (RJL)** |
| | : | |
| **PATRICIA DRISCOLL** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO CLARIFY THE GROUNDS FOR**
**CONTINUANCE OF TRIAL**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, hereby moves to clarify the record regarding the reasons for the continuance of the

trial.  As the basis for this motion, the government states as follows:

**PROCEDURAL HISTORY**

The defendant Patricia Driscoll ("Defendant") was indicted by a federal grand jury on

September 20, 2016, on eight counts, specifically: Count One - Attempts to Interfere with the

Administration of Internal Revenue Laws (26 U.S.C. § 7212(a)); Counts Two and Three - Wire

Fraud (18 U.S.C. § 1343); Counts Four and Five - Mail Fraud (18 U.S.C. § 1341); Count Six -

First Degree Fraud (22 D.C. Code §§ 3221(a) and 3222(a)(1)); and Counts Seven and Eight -

Tax Evasion (26 U.S.C. § 7201). The indictment also includes Aiding and Abetting and Causing

an Act to be Done (18 U.S.C. § 2) and contains a forfeiture allegation.

On September 21, 2016, the defendant was arraigned and the next day, the government

filed a motion to disclose grand jury testimony, followed by a defense motion to continue the

status hearing.  At the status hearing on October 5, 2016, the Court granted the government's

motion to disclose grand jury testimony and also made a finding that it was in the interests of

justice that the time between the status hearing and November 17, 2016, would be excluded from the Speedy Trial Act calculation.

On October 6, 2016, the government moved for a protective order, which the Court granted on October 11, 2016.  Also on October 11, 2016, the government filed a motion to exclude time under the Speedy Trial Act clock and to deem the case complex.  The Court granted this motion on October 17, 2016, ruling that time "is excluded from [the] speedy trial close based on the ends of justice being best served by permitting the defense reasonable time necessary for effective trial preparation," and that "such action outweighs the interest of the public and the defendant in a speedy trial." ECF #14.

Between October 17, 2016, and October 25, 2017, the parties prepared for trial and filed various motions and oppositions, including the defense's Omnibus Motion to Dismiss, for Discovery, to Disclose Grand Jury Material, to Strike, and for a Bill of Particulars. [1]  The defense also filed motions to modify conditions of release and a series of *ex parte* motions regarding trial preparation.

On October 17, 2017, the defendant filed a motion to continue the trial, then set for February 5, 2018, which the Court granted and scheduled the new trial date of April 16, 2018.  In November 2017, the Court ruled on certain sealed, *ex parte* motions filed by the defense.  On January 4, 2018, the Court vacated the trial date of April 16, 2018, and set the case for trial on June 6, 2018; on May 4, 2018, the Court reset the trial for October 9, 2018.

---

[1] The Court granted the defense motion to dismiss count one of the indictment on August 31, 2017.

**ANALYSIS**

Based on the procedural history set forth above, the government submits that zero Speedy Trial Act clock days elapsed between arraignment and April 16, 2018, the date scheduled for trial as of January 2018.  If the Speedy Trial Act clock were to begin to run on April 16, 2018, seventy days will expire on June 25, 2018, absent any period of excusable delay.

However, the government submits that the period of time between April 16, 2018, and the trial date of October 9, 2018, is reasonable and excludable based two independent grounds discussed below.

First, excluded from computing the time can be "delay resulting from any pretrial motion," 18 U.S.C. § 3161(h)(1)(D) including "the time during which parties prepare and file their briefs." *United States v. Hemphill*, 514 F.3d 1350, 1356 (D.C. Cir. 2008), *citing Henderson v. United States*, 476 U.S. 321 (1986). "[P]retrial motion preparation time . . . is not automatically excludable," however.  *Bloate v. United States*, 559 U.S. 196, 207 (2010). "Instead, a district court may exclude preparation time under subsection (h)(7) if it grants a continuance for that purpose based on recorded findings 'that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"  *Id.* at 214 (quoting 18 U.S.C. § 3161(h)).  At present, the parties continue to prepare pre-trial motions and notices, including the government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b), which the defense has announced it will oppose.  In addition, the government anticipates moving in the next several weeks to Forego Certain Redactions Required by Fed. R. Cr. P. 49.1, as well as filing several motions in limine (to be filed by September 21, 2018).  Both the Court and the parties will be assisted by the thoughtful preparation and litigation of these pleadings in advance of trial.  Accordingly, the government hereby asks that the Court find that

3

the ends of justice served by granting the parties this time to prepare and file pretrial motions outweigh the interests of the public and the defendant in a speedy trial.

Second, the Court may also exclude time from the 70-day speedy trial period by granting a continuance on the basis of the Court's findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The Court may consider various factors including the complexity of the case, and the need to not unreasonably deny the defendant or the Government continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv).  *See, e.g.*, *United States v. Rice*, 746 F.3d 1074. 1078-1080 (D.C. Cir. 2014) (upholding the district court's granting of an ends-of-justice continuance because the court's on-the-record findings showed that the court had seriously considered the complexity of the case, the volume of discovery, and the need to bring foreign defendants and witnesses to the United States); *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 204-205 (D.C. Cir. 2013) (finding the district court's ends-of-justice continuance permissible where "[t]he court expressly invoked relevant factors and weighed the competing interests"); *United States v. Shaw*, 510 F. Supp. 2d 148, 152 (D.D.C. 2007) (granting ends-of-justice continuance on the basis of the complexity of the case, to ensure the continuity of and adequate preparation time for all counsel (especially counsel for one of the defendants, who had conflicts that made him unavailable until the court's selected trial date)).  *But see United States v. Bryant*, 525 F.3d 349, 361 (D.C. Cir. 2008) (finding that a passing reference to the "interest of justice" made by the trial judge at a status hearing was not sufficient to show that the judge seriously considered the specific factors that § 3161(h)(7)(A) requires).

As recent Notices of Filings demonstrate, this case continues to present complex issues. On June 1, 2018, the government provided the defense with hundreds of pages of summaries of

voluminous records (the underlying documents had already been produced in discovery). *See* Government's Notice of Filing, ECF # 96-1.  These summaries included: 263-pages condensing the victim's 800-paged American Express statements; an analysis of over 9,600 credit and debit transactions to determine the percentage of incoming funds spent by the victim on veterans and veteran programs; an outline of taxes due and owing; a 66-page analysis of commissions claimed by the defendant; and a summary of money the government alleges was embezzled by the defendant.  Because these summaries are dense and complex, the government provided them to the defense in advance of trial in order to allow the defense preparation opportunities.  In addition, the government continues to provide the defense with Jencks Act material from recent interviews of witnesses and email communications between agents and potential witnesses. *See* Government's Notice of Filing, ECF # 98-1 (June 11, 2018).  The government submits that the "ends of justice" finding is appropriate to further toll the Speedy Trial Act clock until the selected trial date of October 9, 2018.

The defense counsel has been notified of the existence of this motion, but has not yet had an opportunity to state his position.

**CONCLUSION**

The government hereby moves this Court to clarify the record to find that it is in the

interests of justice that the Speedy Trial Act clock is tolled until October 9, 2018.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
for the District of Columbia

By:  _____/s/_____

VIRGINIA CHEATHAM
Assistant U.S. Attorney
D.C. Bar No. 411980
Virginia.Cheatham@usdoj.gov
555 4th Street, N.W., Room 5836
Washington, D.C.  20530
(202) 252-7820

KATHRYN L. RAKOCZY
Assistant United States Attorney
D.C. Bar No. 994559
555 Fourth Street, N.W., Room 5239
Washington, DC 20530
Kathryn.Rakoczy@usdoj.gov
(202) 252-6928

CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2018, a copy of the foregoing Motion and proposed
Order has been sent via electronic case filing to: counsel for the defendant.

_____/s/_____
Virginia Cheatham
Assistant U.S. Attorney