UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 16-166 (RJL) |
| | : | |
| PATRICIA DRISCOLL | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO FOREGO CERTAIN REDACTIONS UNDER FEDERAL RULES OF CRIMINAL PROCEDURE 49.1

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for permission to forego redactions normally required under Fed. R. Cr. P. 49.1 regarding the defendant's home address on certain limited exhibits.[1] In the alternative, the government requests that the Court take judicial notice of certain facts, as will be described in detail below. As the basis for this motion, the government states as follows:

### PROCEDURAL HISTORY

Patricia Driscoll ("the defendant") faces a seven-count indictment charging Wire Fraud (18 U.S.C. § 1343); Mail Fraud (18 U.S.C. § 1341); a D.C. Code charge of First Degree Fraud (22 D.C. Code §§ 3221(a) and 3222(a)(1)); and two counts of Tax Evasion for tax years 2012 and 2013 (26 U.S.C. § 7201). The indictment also contains a forfeiture allegation. The jury trial is scheduled to commence on October 9, 2018, and the government is preparing exhibits for trial.

---

[1] As a preliminary matter, the government notes that all social security numbers will be redacted, as well as dates of birth, minor children's names, defendant's for-profit company's Tax Payer Identification Number, and the defendant's financial account numbers. The government requested, and the Court permitted, waiving redactions of financial account numbers belonging to the victim, Armed Forces Foundation ("AFF"), given that the victim's attorneys informed government counsel that they did not object to AFF's unredacted financial account numbers on trial exhibits.

1

# FACTUAL BACKGROUND GERMANE TO THE MOTION

The defendant was the executive director/president of the Armed Forces Foundation ("AFF"), a non-profit charity with the stated mission of assisting members of the military and their families. Contrary to the defendant's repeated reports that 94% to 96% of all AFF donations went directly to military members and their families directly or through AFF programs (as touted to the IRS, charity watch groups, and potential donors), the defendant failed to spend that percentage of money on the veterans and diverted a portion of AFF's money for her personal bills and luxuries.

The defendant also falsely reported her compensation on IRS Forms 990s, filed with the IRS and reviewed by the public and charity watch groups, by failing to include the fact that she received commissions from fundraising, the amounts of commissions that she received from fundraising, rent to the building that she co-owned, car and phone benefits that she received, the use of AFF funds to pay expenses related to her solely owned for-profit company, FDS, and the embezzled money. Resulting in additional false information on the IRS Forms 990, Defendant falsely categorized and caused others to falsely categorize expenses, in AFF's books and records, as being for the benefit of the veterans, troops, and their families, when, in fact, they were for the private benefit of herself.

Defendant concealed from AFF's and her own accountants the money she stole from AFF, thereby causing the accountants to issue forms containing false statements to the IRS on behalf of AFF, as well as false individual income tax returns, Forms 1040, which did not report all of her income due to her concealment of the money she diverted from AFF. Defendant also declared and deducted as business expenses from her for-profit business FDS's income money spent on personal items.

**Defendant's Home Address is Relevant for Certain Trial Exhibits**

In May of 2015, the defendant used AFF funds to pay for her personal property taxes on her personal residence in Howard County, Maryland. Her property tax bill, $8,304.45, was the defendant's responsibility alone, and not owed by her employer, AFF. Nevertheless, the defendant obtained a cashier's check using the charity's money for the purpose of paying her personal obligations. Bank documents, including a deposit account debit, show $8,304.45 being withdrawn from AFF's SunTrust account ending in #2036 to pay for cashier's check #4932015371. The SunTrust cashier's check with the same number was made payable to the "Director of Finance (Howard County)," with the notation that the purchaser was "Patricia Driscoll" and the memo line reads (in handwriting) "Property Taxes [defendant's home residence]." The Transaction Inquiry, obtained from Howard County, lists payment of real estate taxes in the amount of $8,304.45, and list as "tender information" the same SunTrust cashier's check. If the defendant's home address were to be redacted, there would be no evidence that the defendant used AFF money for her own personal use (versus, for example, paying the property tax for a veteran who lived in Howard County, Maryland).

Likewise, the defendant's home address appears on other exhibits establishing that the defendant used other AFF money for her own personal use. The defendant spent $1,187.97 of AFF's money at Overstock.com to buy herself patio furniture, which was shipped to her home address; the defendant paid for her home Verizon bill with AFF money; the defendant paid for yoga lessons at GoGo Guru, and listed her home address. Other government exhibits, such as contact lists and W-2s, list the defendant's home address. The government's summary documents also list the defendant's home address with respect to the items listed above.

## ANALYSIS

### Fed. R. Cr. P. 49.1 Allows the Court Discretion to Forego Redaction

Federal Rule of Criminal Procedure 49.1 states in part:

> (a) Redacted Filings. **Unless the court orders otherwise**, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial account number, or the home address of an individual, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number;
> > (2) the year of the individual's birth;
> > (3) the minor's initials;
> > (4) the last four digits of the financial-account number; and
> > (5) *the city and state of the home address*.

Fed. R. Cr. P. 49.1 (emphasis added).

As stated above, the government intends to redact social security numbers, the defendant's for profit business' taxpayer identification number, dates of birth, and minor children's names in every trial exhibit. The government seeks relief from the redaction requirement with respect to the defendant's home address on a limited number of trial exhibits, in order to establish the defendant's personal use of the victim's funds.

By using the language, "[u]nless the court orders otherwise," the rule contemplates that the Court can order an alternative method of trial exhibit presentation. Certainly, trial judges have the authority to craft procedures which will ensure the fair administration of justice. Allowing the jury to view the defendant's home address will allow for a clear and direct presentation of the evidence. If the defense has any concern about specific exhibits, the government will seek to reach a compromise with the defense in the form of a stipulation.

The defense attorney has been made aware of the existence of this motion, but has not yet had an opportunity to state his position.

## CONCLUSION

The government hereby moves this Court to allow the government to forego redactions listed in this motion. In the alternative, the government requests that the Court take judicial notice of the fact that the address listed on this limited number of exhibits belongs to the defendant.

        Respectfully submitted,

        JESSIE K. LIU
        United States Attorney
        for the District of Columbia

By: \_\_\_\_/s/_____
        VIRGINIA CHEATHAM
        Assistant U.S. Attorney
        D.C. Bar No. 411980
        Virginia.Cheatham@usdoj.gov
        555 4th Street, N.W., Room 5836
        Washington, D.C. 20530
        (202) 252-7820

        KATHRYN L. RAKOCZY
        Assistant United States Attorney
        D.C. Bar No. 994559
        555 Fourth Street, N.W., Room 5239
        Washington, DC 20530
        Kathryn.Rakoczy@usdoj.gov
        (202) 252-6928

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2018, a copy of the foregoing Motion and proposed Order has been sent via electronic case filing to: counsel for the defendant.

        _____/s/_____
        Virginia Cheatham
        Assistant U.S. Attorney