**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 1:16-CR-00166-RJL-1 |
| | ) |
| PATRICIA DRISCOLL, | ) Judge Richard J. Leon |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE HEARSAY TESTIMONY RELATING TO DEFENDANT'S GOOD FAITH BELIEF OR RELIANCE ON THE ADVICE OF PROFESSIONALS CONCERNING THE PREPARATION OF TAX RETURNS AND HER ALLEGED INTENT TO COMPLY WITH TAX OBLIGATIONS**

COMES NOW the Defendant, Patricia Driscoll, by and through counsel, and hereby

opposes the government's Motion *in Limine* to preclude hearsay testimony relating to

Defendant's good faith belief or reliance of the advice of professionals concerning the

preparation of tax returns and her alleged intent to comply with tax obligations.

## I.   INTRODUCTION

The government's motion *in limine* is overblown and somewhat disconcerting.  With

respect to the government's argument that lay opinion testimony is not admissible concerning

Ms. Driscoll's good faith concerning her tax obligations, Ms. Driscoll is not planning on calling

witnesses to provide their opinions on Ms. Driscoll's attitude towards taxation or her intent to

comply with her tax obligations.  Rather, Ms. Driscoll will cross-examine witnesses and

potentially proffer evidence about specific *facts* that show that her good faith and reliance. This

is proper under any reading of the Federal Rules of Evidence.

With respect to the government's argument that Ms. Driscoll's out of court statements that may be exculpatory are inadmissible hearsay, any such out of court statements are admissible under several components of the Federal Rules of Evidence.  Furthermore, the government's assertion that Ms. Driscoll should be "required to testify" if she wants to introduce certain evidence also calls into question the government's fundamental understanding of Ms. Driscoll's constitutional right not to testify.

## II.   ARGUMENT

### A.  Defendant Does Not Plan to Elicit Opinion Testimony About Good Faith

The government's first argument is that the Court should preclude any lay opinion testimony about Ms. Driscoll's good faith belief.  Gov. Motion *In Limine*, Docket No. 118 ("Gov. Motion") at 2.   However, the cases cited by the government are nowhere near the factual circumstances in this case.  For example, in *United States v. Rea*, 958 F.2d 1206 (2nd Cir. 1992), the Court held that a witnesses' conclusory opinion that the Defendant "had to" have known that the purpose of certain conduct was to evade taxes was inadmissible.  The Court held that this opinion did not meet the requirements of Federal Rule of Evidence 701[1] because a foundation had not been presented concerning the witness' rational basis for the opinion, and even if such a rational basis was later found, the opinion was not helpful to a clear understanding of the witness' testimony.  *Rea*, 958 F.2d at 1217.   Furthermore, in *United States v. Hauert*, 40 F.3d 197 (7th Cir. 1994), the opinion testimony that was precluded concerned the Defendant's beliefs about the propriety of filing returns and paying taxes.  *See also United States v. Kleinpaste*, 124

---

[1] Federal Rule of Evidence 701 states that a witness' lay opinion testimony is limited to those opinions or inferences which are: (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.  Fed.R.Evid. 701.

Fed.Appx. 134 (3rd Cir. 2005) (unreported) (the lay witness testimony related to the Defendant's sincerity in his beliefs of tax code requirements).

Ms. Driscoll is not intending on proffering lay opinion in which witnesses are asked about their opinion concerning Ms. Driscoll's beliefs about the propriety of filing tax returns as in *Hauert* or opinions as to whether Ms. Driscoll "had to have known" what she was doing as in *Rea*. Rather, the cross-examination in this case and any affirmative evidence will seek to elicit facts. For example, and not to the exclusion of any other fact that Ms. Driscoll will elicit in this case, the fact that Ms. Driscoll delegated others to work on tax filings and relied on the work that others performed is not an opinion – it is a fact.[2]

The government actually states Ms. Driscoll's argument in its motion: "[t]he defendant is free to establish facts from which the jury can make an inference that she possessed a good faith belief without eliciting opinion testimony about the existence or extent of that belief." Gov. Motion at 6. That is what Ms. Driscoll plans to do in this case. Therefore, the government's motion should be denied.

## B. **Defendant's Own Statements are Admissible and She is Not Required to Testify**

The government's second argument is that Ms. Driscoll's prior out of court statements are inadmissible hearsay. As a threshold matter, it is unclear what out of court statements the government is referring to as Ms. Driscoll has not made a proffer of specific evidence and has only raised a request for jury instructions concerning good faith, advice of counsel and advice of accountant. Therefore, this fact in and of itself renders the government's motion premature and

---

[2] The government also referenced Ms. Driscoll's request for an advice of counsel instruction in connection with the tax evasion charges in this case. *See* Gov. Motion at Note 2. This is incorrect. Ms. Driscoll's request relates, in part, to the government's Rule 404(b) Notice concerning the Defendant's alleged failure to file her 2014 and 2015 personal tax returns and the advice she received from counsel not to file them. The government's request to seek leave of Court to file a motion arguing waiver of the attorney-client privilege only demonstrates why the 404(b) Notice is improper, will delay the case, and infuse the case with unnecessary issues.

the Court should reserve any ruling on this issue and evaluate the proffered statements as they are proffered.

In support of its argument, the government makes truly astonishing assertions – that Ms. Driscoll is seeking to admit her prior out of court statements to: "avoid cross-examination" and that "the best evidence of the defendant's state of mind or of her intent to take some action in [sic] future is her own testimony."  Gov. Motion at 6-7.  The government also makes the extremely disconcerting argument that if "the Defendant seeks to introduce evidence about her intent to comply with her tax obligations, that she tasked others, including accountants and other employees, with the responsibility to prepare AFF's tax returns or that she relied on professionals to advise her, ***she should be required to testify and be subject to cross-examination***."  Id. at 7-8.

These are unconstitutional arguments.   Certainly the government is aware that Ms. Driscoll has a constitutional right not to testify in this case and it cannot compel her to testify. The government is also aware that it cannot comment to the jury about her exercise of that right. The government is further aware that a criminal defendant has no burden to prove her good faith. *Cheek v. United States* sets this out clearly in a tax evasion case:  "[b]ut *carrying this [the government's] burden* requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the tax laws."  *Cheek v. United States*, 498 U.S. 192, 202 (1991) (emphasis added).  *Cheek* further stated that "[i]n the end, the issue is whether, based on all the evidence, the government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable."  *Id*. at 202.  Therefore, the

argument that Ms. Driscoll needs to testify to get her "best evidence" to the jury and that she should be "required" to testify are of very serious concern.

Although the government cites a case from the 9th Circuit, *United States v. Ortega*, 203 F.3d 675, 683 (9th Cir. 2000), to attempt to fortify its unconstitutional argument, it ignores cases from this Circuit, including one cited in their motion, that are squarely contrary to its positon and actually validate Ms. Driscoll's constitutional rights. Even *Ortega* is inapplicable because in that case, the Defendant *already testified* and therefore his constitutional rights were not impacted. *See United States v. Ortega*, 203 F.3d 675, 683 (9th Cir. 2000) (holding that "Ortega's testimony did not infringe upon his Fifth Amendment right not to testify because he had already testified prior to the officer's testimony.").

Furthermore, the government cites *United States v. Coughlin*, 821 F.Supp.2d 8 (D.D.C. 2011) in its motion regarding the purported inability of Ms. Driscoll to rely on the rule of completeness (which she can in this case), but it does not cite the following passage from *Coughlin*: "Coughlin is correct, however, that regardless of whether this evidence is inadmissible hearsay or not, he can introduce it under the rule of completeness." *Id*. at 31. The Court also stated "[t]he Court of Appeals has construed Rule 106 broadly, even permitting "admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously." *Id*. (citing *United States v. Sutton*, 801 F.2d 1346, 1368 (D.C.Cir. 1986)). *Coughlin* held that the "*jury must be given the whole story*" and should have access to the full claim file at issue in that case. *Coughlin*, 821 F.Supp.2d at 31 (emphasis added).

Additionally, the government did not cite *Sutton*, which is squarely against its position:

> The excluded statements would have partially rebutted the government's use of the recordings, and were relevant to Sucher's defense. ***Since this was a criminal case Sucher had a constitutional right not to testify, and it was thus necessary for Sucher to rebut the government's inference with the excluded portions of these recordings***. . . . Under our analysis of Federal Rule of Evidence 106, Sucher should have been permitted to introduce these four portions of the recorded conversation with Peacock if considerations of "fairness" justified contemporaneous admission and consideration.

*Sutton*, 801 F.2d at 1370 (internal citations omitted) (emphasis added).

Furthermore, in *United States v. Walker*, 652 F.2d 708, 713 (7th Cir. 1981), the Court held that Rule 106 is primarily designed to affect the order of proof, but "[i]n criminal cases where the defendant elects not to testify, as in the present case, ***more is at stake than the order of proof***." *Walker,* 652 F.2d at 713 (emphasis added).   *Walker* further noted that the circumstances of not requiring the government to submit all the relevant portions of prior testimony which further explain what the government has offered, the situation bears similarity to "[f]orcing the defendant to take the stand in order to introduce the omitted exculpatory portions of (a) confession (which) is a denial of his right against self-incrimination." *Id*. at 713 (citing 1 Weinstein's Evidence (1979) 106-9). The unfairness in *Walker* was "substantial" and the result "penalizes Walker for failing to testify at his second trial." *Id*. at 714.

Despite this case law, the government's remedy here is to "require" Ms. Driscoll to testify, which is just wrong.  Even if the Court can strip away the unconstitutional foundation of the arguments, the rule of completeness requires complete written statements to be presented to the jury to avoid skewed or unclear facts.  It is not inadmissible hearsay to elicit testimony that others, not Ms. Driscoll, prepared the subject tax returns in this case.  Ms. Driscoll is not a CPA or an auditor or a tax professional, but yet the government wants to curtail her ability to inform the jury as to who was responsible for the preparation of the tax filings in this case, how that

delegation occurred, and Ms. Driscoll's reliance on that work.  The government's motion should be denied.

The government also asserts that Ms. Driscoll cannot rely on Federal Rule of Evidence 803(3), which permits statements as to a declarants' "[t]hen existing mental, emotional, or physical condition."  Gov. Motion at 10.[3]   To be admissible under this exception, a declaration must "mirror a state of mind, which in light of all the circumstances, including proximity, is reasonably likely to have been in the same condition existing at the material time." *United States v. Lentz*, 282 F.Supp.2d 399, 411 (E.D.Va. 2002) (citing *Colasanto v. Life Ins. Co. of North America*, 100 F.3d 203, 212 (1ˢᵗ Cir. 1996) (quoting 2 John W. Strong, McCormick on Evidence §274 (4ᵗʰ Ed. 1992)).  The statement should not give the declarant an opportunity to reflect and look backward or describe a declarant's past memory or belief about another's conduct. *Lentz*, 282 F.Supp.2d at 411; *see also United States v. Ponticelli*, 622 F.2d 985, 991 (9ᵗʰ Cir. 1980) *overruled on other grounds by United States v. DeBright*, 780 F.2d 1255 (9ᵗʰ Cir. 1984) (analyzing the factors of "contemporaneousness, chance for reflection, and relevance" and holding that post-arrest statements were not admissible because the defendant was aware he was under investigation).

A statement is admissible "whenever the declarant's intention itself is a distinct and material fact in the chain of circumstances." *Lentz*, 282 F.Supp.2d at 411*; see also United States v. Brown*, 490 F.2d 758, 762-63 (D.D.C. 1973) (stating that the state of mind exception to the hearsay rule "allows the admission of extrajudicial statements to show the state of mind of the declarant at the time if that is an issue in the case.").  Furthermore, when a declaration is

---

[3] Federal Rule of Evidence 803(3) permits the introduction of "a statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive design, mental feeling pain and bodily health) but not including a statement of memory or belief to prove the fact remembered or believed. . . ."  Fed. R. Evid. 803(3).

admitted only to prove a relevant state of mind, it is admitted not for the truth of the matter

asserted and thus not hearsay – "a state of mind can be proved circumstantially by statements . . .

which are not intended to assert the truth of the fact being proved." *See United States v.*

*Southland Corp.*, 760 F.2d 1366, 1376 (2nd Cir. 1988) (citing 4 Weinstein, Evidence, and stating

that "[w]hen a declaration is admitted only to prove a relevant state of mind, it does not appear to

matter . . . whether admissibility is predicated on the declaration not being hearsay because it

was not offered for the truth of the matter asserted, FRE 801(c), or under the hearsay exception

for declaration of states of mind, FRE 803(3)). In situations when declarations are being admitted

not for the truth of the matter asserted, a limiting instruction is appropriate. *Brown*, 490 F.2d at

763.

The government's argument about why Ms. Driscoll's out of court statements are

inadmissible is not supported by the cases cited in its motion. Specifically, the government cited

*United States v. Sayakhom*, 186 F.3d 928, 936, *as amended* 197 F.3d 959 (9th Cir. 1999), but in

that case, the government sought to preclude an audio tape and transcript of a meeting between

the Defendant and state insurance investigators, which was clearly after the time frame of the

alleged criminal conduct and the Defendant had ample time to reflect on the allegations and

make exculpatory statements.

Ms. Driscoll's state of mind is one of the most critical aspects of this case, and out of

court statements that show this state of mind that are not offered for the truth of the matter

asserted or are consistent with Federal Rule of Evidence 803(3) should be admitted. In this case,

there is no proffered evidence currently before the Court concerning Ms. Driscoll's post-arrest

statements or statements to investigators as in *Sayakhom* in which Ms. Driscoll could reflect on

allegations and provide self-serving, exculpatory statements. If in the proffered out of court

statements Ms. Driscoll stated her then existing mental state in a contemporaneous manner that demonstrates circumstantial guarantees of trustworthiness, the statements should be admitted with appropriate limiting instructions.

### III.   CONCLUSION

WHEREFORE, for the reasons stated above, the Defendant respectfully requests that the Court deny the Government's Motion *in Limine* to preclude hearsay testimony relating to Defendant's good faith belief or reliance of the advice of professionals concerning the preparation of tax returns and her alleged intent to comply with tax obligations in its entirety.


Dated:    October 2, 2018                    Respectfully submitted,

                                             By:____*/s/ Brian W. Stolarz*_____
                                                 Brian W. Stolarz
                                                 (D.C. Fed. Bar No. 466160)
                                                 LECLAIRRYAN, *A Professional Corporation*
                                                 2318 Mill Road, Suite 1100
                                                 Alexandria, Virginia 22314
                                                 Telephone: (703) 647-5946
                                                 Facsimile:   (703) 647-5951
                                                 Brian.Stolarz@leclairryan.com

                                             *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this document filed through the CM/ECF system on October 2, 2018, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

_____/s/ Brian W. Stolarz_____
Brian W. Stolarz