# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Cr. No. 16-166 (RJL)** |
| | **:** | |
| **PATRICIA DRISCOLL,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE HEARSAY TESTIMONY RELATING TO DEFENDANT'S GOOD FAITH BELIEF OR RELIANCE ON THE ADVICE OF PROFESSIONALS CONCERNING THE PREPARATION OF TAX RETURNS AND HER ALLEGED INTENT TO COMPLY WITH TAX OBLIGATIONS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby replies to the defense opposition to the government's motion *in limine* to preclude the defendant Patricia Driscoll from presenting hearsay testimony that she relied in good faith on the advice of professionals in the preparation or non-filing of tax returns [ECF Docket #120].

## ARGUMENT

The government filed the above-referenced motion *in limine* in response to the defense's proposed jury instructions addressing the "Good Faith Reliance on Advice of [Counsel and Accountants]," *see* Defendant's Proposed Supplemental Jury Instructions No. 29 and 30 at 31 and 32.  Those proposed instructions gave the government concern that the defendant, through cross- or direct-examination, might attempt to elicit from the AFF's accountants, bookkeepers and other witnesses, as well as from her personal accountants, inadmissible hearsay evidence and lay opinion testimony to establish her "good faith" belief or reliance on the propriety of the tax preparation advice that she received.

1

The defense's opposition to the government's motion *in limine* suggested that, in some respects, the parties are in agreement as to the scope of permissible evidence.  For example, the government agrees that the defense may elicit testimony that both the defendant and the Armed Forces Foundation hired accountants to prepare their tax returns.  The government agrees that this testimony would go to establish a *fact*.  *See* Defendant's opposition at 3.  The government disagrees, however, that the defense can elicit testimony that the defendant *relied* on those accountants.  *See id.* ("Ms. Driscoll will elicit in this case[] the fact that Ms. Driscoll delegated others to work on tax filings and *relied on* the work that others performed . . . .") (emphasis added).  Such testimony would necessarily call for speculation or impermissible lay opinion testimony.

In seeking to elicit testimony that the defendant *relied on* her accountants, the defense is proffering the very same type of evidence as the appellant in *United States v. Hauert*, 40 F.3d 197 (7th Cir. 1994), which was cited in the government's initial motion [ECF Docket #118 at 5-6].  In that case, appellant sought to introduce testimony from lay witnesses, who were fellow employees and long-time friends of the defendant, about his knowledge of the tax law requirements and the sincerity of his income tax beliefs.  *Hauert*, 40 F.3d at 200-202 (7th Cir. 1994).  In ruling that this testimony was not permissible lay opinion testimony under Rule 701 of the Federal Rules of Evidence, the U.S. Court of Appeals for the Seventh Circuit stated, "If offered, then, to show [appellant's] knowledge, or lack thereof, about filing returns and reporting wages and other receipts as income, we believe the district court did not abuse its discretion in denying lay testimony to this effect."  *Hauert*, 40 F.3d at 201.

In their opposition, the defense contends that the government is trying to force the defendant to testify in violation of her constitutional rights.  *See* Defendant's Opposition at 4.  To

the contrary, the government is merely stating the obvious proposition that if the defendant wishes to introduce evidence of her good faith reliance on the advice of attorneys and accountants, this evidence must be admissible.  Aside from Ms. Driscoll's act of hiring of accountants to work on tax filings, the defense opposition does not provide any additional specific examples of the testimony or evidence they plan to present to establish the defendant's good faith reliance on the advice or accountants or counsel.  It is difficult to address in the abstract whether the rule of completeness and/or the state of mind exception to the hearsay rule would permit the introduction of out-of-court statements made by the defendant or whether the only way to introduce this evidence is through the testimony of the defendant herself.

For example, without looking at a specific proffer of evidence, it is challenging to argue about whether the evidence would be admissible under the rule of completeness, Fed. R. Evid. 106.  If the evidence were in the form of an out-of-court statement made orally by the defendant, the government would content that the rule of completeness would not require the statement's admission, even if it was responsive to some evidence introduced by the government, because the rule is limited to writings and recordings and does not apply to oral conversations.  *United States v. Coughlin,* 821 F. Supp.2d 8, 31 (D.D.C. 2011); *United States v. Collicott,* 92 F.3d 973, 982-83 (9th Cir. 1996).

Similarly, if the evidence were in the form of an email written by a witness who is not testifying, the government might raise a hearsay objection.  The defense has contested that its "good faith reliance" evidence will meet the criteria of the "state of mind" hearsay exception of Rule 803(3) of the Federal Rules of Evidence.  It is impossible, however, to assess the applicability of a hearsay exception without looking at the proffered out-of-court statement. Before ruling that an email is an admissible out-of-court statement as to a declarant's "present

state of mind," the Court must review whether the statement was made contemporaneously, without a chance for reflection. *See United States v. Ponticelli*, 622 F.2d 985, 991, cert. denied, 449 U.S. 1016 (9th Cir. 1980). Additionally, the Court must determine whether the out-of-court statement is being introduced to establish just the declarant's state of mind, or whether the statement is also being impermissibly proffered to establish a fact remembered or believed. *See* Fed. R. Ev. 803(3) (permitting admission of an out of court statement as to the declarant's then-existing state of mind, "but not including a statement of memory or belief to prove the fact remembered or believed").

In *United States v. Emmert, et. Al.,* 829 F.2d 805, 809 (9th Cir. 1987), cited in the government's opening motion [ECF Docket #118 at 10], the Ninth Circuit upheld the district court's exclusion of witness testimony that appellant had told the witness he was afraid of government agents *because the agents had threatened him. Emmert*, 829 F.2d at 809-10. The Court held such testimony fell squarely in the "to prove the fact believed" category because it elicited appellant's statement not only about his contemporaneous belief but also about what some third party had said to him. *Id.* By the same reasoning, evidence of an out-of-court statement by the defendant that she *relied on* the advice of her attorney(s) or accountant(s) might also be impermissibly used to prove that her attorney(s) or accountant(s) *did, in fact,* provide her a particular piece of advice. Without the testimony of that attorney or accountant, such an assertion would constitute two levels of hearsay, and the latter would be inadmissible.

As these examples show, it is difficult to address these questions of admissibility in the abstract. The government is raising this issue prior to trial because the government shares the Court's concern that the jury's time not be wasted by interminable bench conferences with the husher. Additionally, the government submits that it would be prudent to address this issue

before opening statements, lest the parties discuss evidence that the Court might later rule inadmissible.

## CONCLUSION

For all these reasons, the government respectfully requests that during the hearings scheduled for next week the Court ask the defense to proffer the specific evidence it intends to elicit as to the defendant's good faith reliance on advice of counsel and accountants, so that the Court can assure itself that this evidence is truly admissible.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
for the District of Columbia


By:      /s/
VIRGINIA CHEATHAM
Assistant U.S. Attorney
D.C. Bar No. 411980
Virginia.Cheatham@usdoj.gov
555 4th Street, N.W., Room 5836
Washington, D.C.  20530
(202) 252-7820

KATHRYN L. RAKOCZY
Assistant United States Attorney
D.C. Bar No. 994559
555 Fourth Street, N.W., Room 5239
Washington, DC 20530
Kathryn.Rakoczy@usdoj.gov
(202) 252-6928

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 5, 2018, a copy of the foregoing Reply has been sent via electronic case filing to: counsel for the defendant.


_____/s/_____
Kathryn L. Rakoczy
Assistant U.S. Attorney