**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Cr. No. 16-166 (RJL) |
| | : | |
| **PATRICIA DRISCOLL** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby provides the Court with its memorandum in aid of sentencing. Consistent with the terms of the plea agreement, the government requests that the Court sentence the defendant to two years of probation, with the special conditions of community service and an order to pay $1,616.93 in restitution to the Internal Revenue Service (IRS).

**PROCEDURAL HISTORY**

In September of 2016, a grand jury of the District of Columbia returned an indictment charging the defendant with multiple counts of wire fraud, mail fraud, tax evasion, and felony fraud under the D.C. Code, alleging that from 2010 through mid-2015, while serving as the president of the Armed Forces Foundation ("AFF"), a non-profit charitable organization founded to help military veterans and their families, the defendant misappropriated the charity's funds for personal use and evaded federal income taxes. On November 29, 2018, following a several-week jury trial before this Court, the jury found the defendant guilty of two counts of wire fraud, in violation of 18 U.S.C. § 1343; first-degree fraud, in violation of D.C. Code §§ 22-3221(a) and 3222(a); and two counts of tax evasion (for tax years 2012 and 2013), in violation of 26 U.S.C. § 7201. On September 12, 2019, the Court sentenced defendant to, inter alia, 366 days of

1

imprisonment, to be followed by three years of supervised release, and ordered the defendant to pay $154,289 in restitution ($72,510 to the IRS for the tax loss, and the remainder to donors who were induced to give to AFF by the defendant's allegedly false promise to devote 95% of each donation to military members, veterans, and their families).

On January 5, 2021, the D.C. Circuit vacated the defendant's convictions and remanded for a new trial based on a finding of instructional error. After remand to this Court, the parties engaged in extensive plea negotiations, and on October 12, 2023, the defendant pled guilty to a criminal Superseding Information charging her with three misdemeanor counts of violating 26 U.S.C. § 7203 (willfully failing to keep records) for the tax years 2012 and 2013.[1] Under the terms of the parties' plea agreement, the government agreed to cap its allocation at a request for probation. Defendant is scheduled to be sentenced by this Court on January 16, 2024.

## FACTUAL BACKGROUND

In pleading guilty, the defendant admitted to failing to keep and provide to her tax preparer adequate records so that her tax returns would properly reflect all of her income for tax years 2012 and 2013. During this time period, in addition to serving as the president of the AFF, the defendant also owned and operated a for-profit limited liability company called Frontline Defense Systems, LLC (FDS). That business was based out of an office in the District of Columbia. In 2012 and 2013, the AFF made payments that benefitted the defendant and/or her company, FDS, and FDS

---

[1] In relevant part, 26 U.S.C. § 7203 reads: "<u>Any person required under this title to</u> pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, <u>keep any records</u>, or supply any information, <u>who willfully fails to</u> pay such estimated tax or tax, make such return, <u>keep such records</u>, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution." *Id*. (emphasis added).

made payments that benefitted the defendant, but the nature of these payments, and their benefit to the defendant and her company, would not have been readily apparent as to their nature and tax effect to the defendant's tax preparer. The defendant admitted in her guilty plea that she failed to keep proper records that would allow her tax preparer to properly:

    (a)    distinguish between income (such as taxable commission payments) and non-taxable payments (such as loans from AFF);

    (b)    maintain adequate records at AFF to distinguish payment of AFF expenses from payments of expenses of the defendant's private for-profit company FDS or her personal expenses;

    (c)    maintain adequate records at FDS to distinguish payment of FDS expenses from payments of the defendant's personal expenses; and

    (d)    differentiate between payments reimbursing AFF expenses made with the defendant's FDS credit card from loans to the defendant.

The defendant admitted that she willfully disregarded her legal duty to maintain such records distinguishing and differentiating these instances of taxable income, and that she knew that (and/or willfully blinded herself to the obvious fact that) failing to do so likely would cause confusion between payments that constituted taxable income and payments that were not—for example, credits against amounts owed by AFF to the defendant or loans to officer.

    The defendant acknowledged several examples of such willfully derelict recordkeeping and tax reporting, which formed the factual basis for the three counts of willfully failing to keep records, in violation of violating 26 U.S.C. § 7203, to which she pled guilty:

    (A) On or about June 12, 2013, the defendant made personal purchases from EBay using AFF's credit card to pay the $512.84 of charges but did not ensure such amount was included in a list of personal charges on AFF's credit card to be repaid by offsetting loan or otherwise;

(B) On or about the following dates, charges were made to the defendant's FDS Amex credit card related to her son's school that were booked as employee benefits that could be expensed by FDS and for which the defendant failed to keep adequate records of the nature of those payments so that they would be treated properly on Schedule C of her 2012 tax return:

January 5, 2012……………..$  592.00

February 6, 2012……………$  592.00

May 7, 2012………………...$  604.00

June 5, 2012………………...$  604.00

July 5, 2012…………………$  604.00

August 6, 2012……………...$  604.00

Total……………$3,600.00

(C)  On or about the following dates, FDS checks were written in the following amounts that paid an attorney who had performed mediation services related to the defendant's child custody dispute with her ex-husband, and the defendant failed to keep adequate records of the nature of those payments so that they would be treated properly on Schedule C of her 2013 tax return:

October 18, 2013……………………$  111.94

October 25, 2013……………………$  750.00

November 1, 2013…………………..$  800.00

Total……………...$1,661.94

The defendant admitted that she knew that it would be unclear to her tax preparer whether these payments represented taxable income unless she were to bring them to her tax preparer's attention together with any records showing offsetting amounts owed to her or a clear designation of the

4

lack of such offsets to those payments to her. And yet, the defendant failed to keep adequate records to do so.

## ARGUMENT

A two-year period of probation, with the special conditions of community service and an order of restitution to pay back the IRS for the tax loss caused by the defendant's misconduct, is an appropriate sentence for this case at this time.

First, such a sentence is consistent with the recommended U.S. Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") range. The following provisions of the Sentencing Guidelines apply here:

| U.S.S.G. Section | Levels | Justification |
|---|---|---|
| U.S.S.G. §§2T1.1(b), 2T4/1 | 6 | Base Offense Level for tax offense with a tax loss of $2,500 or less[2] |
| U.S.S.G. §3E1.1 | -2 | Acceptance of responsibility |
| TOTAL | 4 | |

With no prior criminal history, the defendant has a Criminal History Category of I, and her estimated Sentencing Guidelines range (the "Estimated Guidelines Range") is zero to six months of incarceration. At Guidelines level 4, the Court may impose a purely probationary sentence of up to three years of probation. U.S.S.G. § 5B1.2(a)(2).

A sentence of probation and restitution is also appropriate under all of the factors that this Court must consider by law at the time of sentencing. Under 18 U.S.C. § 3553(a), the Court should consider not only the nature and circumstances of the offense and the history and characteristics

---

[2] The tax loss here is $1,616.93: The defendant admitted through her guilty plea that her willful record-keeping—or or lack thereof—resulted in an underreporting of her gross income by $5,774.78, and 28% of that underreported amount is $1,616.93. U.S.S.G. §2T1.1(c)(1)(A).

of the defendant, but also the applicable sentencing objectives—that is, that the sentence: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed educational or vocational training and medical care.  *See* 18 U.S.C. § 3553(a)(1) and (2).

On the one hand, the Court knows from presiding over the trial in this matter the serious nature of these offenses.  The criminally poor record-keeping admitted to by the defendant through her guilty plea was part of a pattern of disregarding the importance of distinguishing between the charity's funds, her business' funds, and her own personal funds.  Trial testimony and exhibits admitted at trial established that the defendant directed her subordinates to use AFF money to pay her personal expenses such as her for-profit business expenses,[3] her home's real estate property taxes,[4] her credit card bills,[5] and her personal attorneys,[6] among others.  The same evidence showed that the defendant then ordered her subordinates to mischaracterize these expenses in accounting books, which were then proffered as an accurate reflection of the expenses to the outside auditors.[7]

---

[3] GX 87; GX 52-61.

[4] GX 38, 46-25; 29 – 32 Tr. (11/1/18 AM).

[5] GX 69-036.

[6] GX 46-24, 81.

[7] *See* footnote 7, *supra. See also* GX 14 (QuickBooks for AFF 2012 and 2013); Testimony of Auditor John Wall, Tr. 89-90 (11/1/18 AM) (explaining that it was not the auditor's role to allocate expenses; rather, the allocation of expenses was made in QuickBooks by Ms. Driscoll and her administrative assistants).

On the other hand, that conduct occurred during the 2000-2015 time period. The defendant has now had this case—and the potential for jail time—hanging over her head for more than seven years. While the first trial resulted in convictions on felony charges, convictions that the government stands by and for which the Circuit found sufficient evidence and legal foundation on appeal, the government cannot discount the punishment that has already been imposed and the lessons the defendant hopefully has learned, during the pendency of this case.

Thus, a period of probation, with conditions such as restitution and community service, would acknowledge the unusual procedural posture of this sentencing, while also imposing some level of punishment for these serious offenses and ensuring the Court an opportunity to supervise the defendant's return to the community. With respect to the government's request for restitution, restitution is not mandatory in this case, 18 U.S.C. § 3663A, but the Court may order the defendant to pay restitution as a condition of her probation, 18 U.S.C. §§ 3563(b); U.S.S.G. § 5E1.1(a)(2). The defendant admitted through her guilty plea that her record-keeping—or lack thereof—resulted in an underreporting of her gross income in 2012 and 2013 by $5,774.78, and as noted above, that created an actual tax loss of $1,616.93. *See* U.S.S.G. §2T1.1(c)(1)(A). Therefore, the Court should order the defendant to pay $1,616.93 in restitution to the Internal Revenue Service. Additionally, the defendant pled guilty to three misdemeanor charges, and thus owes $75 in special assessments on these counts. 18 U.S.C. § 3013(a)(1)(A)(iii).

## CONCLUSION

The government respectfully submits this memorandum in aid of the Court's sentencing of the defendant.

                                                Respectfully submitted,

                                                MATTHEW M. GRAVES
                                                United States Attorney
                                                D.C. Bar No. 481052

By:                                          _____
                                                KATHRYN L. RAKOCZY
                                                Assistant United States Attorney
                                                D.C. Bar No. 994559
                                                601 D Street, N.W., Room 5.236
                                                Washington, DC 20530
                                                Kathryn.Rakoczy@usdoj.gov
                                                (202) 252-6928